IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY B. MERRITT,
    Plaintiff,

vs.                                      Case No.:  3:13cv607/LAC/EMT

WARDEN COMERFORD, et al.,
    Defendants.
_____/

### REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's motion for preliminary injunction (doc. 27). Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* doc. 1).  On June 3, 2014, the court entered an order concluding that Plaintiff's allegations failed to state a plausible claim for relief against one or more of the named Defendants, and providing Plaintiff an opportunity to clarify his allegations in an amended complaint, which was to be filed within thirty (30) days (*see* doc. 18).  Plaintiff sought, and the court granted, two 30-day extensions of that deadline (*see* docs. 20, 21, 22, 23).  Plaintiff filed a Second Amended Complaint on July 24, 2014 (doc. 24).

        Plaintiff filed the instant motion for preliminary injunction on September 8, 2014 (*see* doc. 27).  He alleges that beginning on August 14, 2014, several correctional officers, none of whom are Defendants in this case, have used excessive force against him and deprived him of food (*see* doc. 27).[1]  He also alleges a member of the medical staff, also not a named Defendant, is depriving him

---

[1] In the instant motion, Plaintiff complains of conduct by officers Mitchell, Stokes, Blackwell, Johnson, Arrant, Layton, Branden, Byrd, Dean, and Simmons (*see* doc. 27).  In his Second Amended Complaint, he complains of conduct by officers Godfree, Franco, Stewart, and Rogers (*see* doc. 24).

of adequate medical treatment for the injuries he allegedly received during the use(s) of force (*id.*).[2] Plaintiff alleges on September 7, 2014, the day before he mailed the instant motion to the court, Sergeant Stokes (who is not a named Defendant) stated, "You thought this was over, well you will see that I'm going to show you nothing can or will be done to me and you will suffer, you better eat all you can while I'm gone 'cause when I get back on Wednesday 9-10-14 I got something for you and I don't give a shit who you write to." (*id.* at 6). Plaintiff states, "If this honorable court doesn't grant injunctive relief I will continue to be in imminent danger if I'm not dead before this letter reaches you, because [unless] this court sends a letter to the Inspector or Warden to take whatever actions may be deem [sic] appropriate in light of Plaintiff's allegations nothing will happen" (*id.* at 7).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted; Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion'

---

[2] In the instant motion, Plaintiff complains of conduct by Nurse Von (*see* doc. 27). In his Second Amended Complaint, he complains of conduct by Dr. Miller and Psychologist Specialist Saul (*see* doc. 24).

Case No.: 3:13cv607/LAC/EMT

as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff's allegations do not provide a basis for granting injunctive relief. He seeks relief from conduct that allegedly occurred over two years after the conduct of which he complains in the Second Amended Complaint, and which was allegedly perpetrated by persons who are not named as Defendants.[3] Plaintiff failed to satisfy his burden of showing that the relief sought in the instant motion is closely related to the conduct complained of in the actual complaint, and he failed to show that the persons from whom the injunctive relief is sought are parties to the underlying action. Therefore, his request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for preliminary injunction (doc. 27) be **DENIED**.

At Pensacola, Florida, this 12th day of September 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] In the Second Amended Complaint, Plaintiff claims that Defendant Officer Stewart and Defendant Officer Franco used excessive force, in violation of the Eighth Amendment, by slamming him to the ground and punching and elbowing him on June 18, 2012 (*see* doc. 24 at 8–19). He claims Franco and Stewart also violated his due process rights by failing to issue a "written [DR] showing [an] adequate reason" for their use of force (*id.*). Plaintiff claims Defendant Officer Rogers violated the Eighth Amendment by failing to intervene in Franco and Stewart's use of force (*id.*). Plaintiff claims Defendant Godfree violated the Eighth Amendment by placing a spit shield on him during the use of force, without proper authorization and knowing that he is asthmatic (*id.*). Plaintiff claims Dr. Miller and Ms. Saul violated the Eighth Amendment by falsifying documents, specifically, the DR and his medical records, in order to have him discharged from the Transitional Care Unit (*id.*). Plaintiff claims Assistant Warden Morgan, Warden Comerford, and Secretary Crews violated the Eighth Amendment by failing to reprimand or discipline their subordinates, failing to investigate the alleged constitutional violations of their subordinates, and failing to provide a safe environment (*id.*).

Case No.: 3:13cv607/LAC/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**