**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**

PENSACOLA _____ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Larry B. Merritt ,

Inmate # 602100 .

(Enter full name of Plaintiff)

THIRD AMENDED COMPLAINT

vs.

CASE NO: 3:13cv607-LC/EMT

(To be assigned by Clerk)

Sergeant Godfree ,

Officer Franco ,

Officer Stewart ,

Officer Rogers ,

_____ .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

Godfree, Franco, Stewart And Rogers Are All

Sued in their Individual Capacities

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:



**I.   PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   Larry B. Merritt

Inmate Number   DC# 602100

Prison or Jail:   Prison

Mailing address:   Florida State Prison
7819 N.W. 228th Street
Raiford, Florida 32026

**II.   DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.   Do the same for **every** Defendant:

(1)   Defendant's name:   Godfree
Official position:   Sergeant
Employed at:   Santa Rosa Corr. Inst.
Mailing address:   5850 East Milton Road
Milton, Florida 32583

(2)   Defendant's name:   Franco
Official position:   Officer
Employed at:   Santa Rosa Corr. Inst.
Mailing address:   5850 East Milton Road
Milton Florida 32583

(3)   Defendant's name:   Stewart
Official position:   Officer
Employed at:   Santa Rosa Corr. Inst.
Mailing address:   5850 East Milton Road
Milton, Florida 32583

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

II. Defendants Continues

(4). Defendants Name, Rogers

Official Position  Officer

Employed At  Santa Rosa Corr. Inst.

Mailing Address  5850 East Milton Road

Milton, Florida 32583

(2A).

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                     No( ✓ )

1.   Parties to previous action:   See Attached Pages
(a)   Plaintiff(s): _____
(b)   Defendant(s): _____
2.   Name of judge: _____   Case #: _____
3.   County and judicial circuit: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                     No( ✓ )

1.   Parties to previous action:   See Attached Pages
a.   Plaintiff(s): _____
b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____   Case #: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____

3

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                              No(  )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): _____ See Attached Pages _____
     b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____   Case #: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(  )                              No(  )

1.   Parties to previous action:
     a.   Plaintiff(s): _____ See Attached Pages _____
     b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____   Case Docket # _____
4.   Approximate filing date: _____   Dismissal date: _____
5.   Reason for dismissal: _____

4

IV. Previous Law Suits Continues

(C). The Plaintiff cannot in Good Faith, one way or the other provide a factual answer to the question posed herein, other then:

(1). Dismissal of the following additional cases, was dismissed "Without Prejudice" by order entered as follows:

(2). Case No. 3:06-cv-00751-VMC-MMH for the Middle District of Florida, Jacksonville Division, Dated 8-23-06 And:

(3). Case No. 3:12-cv-1058-J-99 MMH-JBT, for the Middle District of Florida, Jacksonville Division, Dated 9-26-12.

(D). The Plaintiff cannot in Good Faith, one way or the other state that any of the following cases was dismissed as "Frivolous, Malicious or Failing to State a Claim" other then the following cases was dismissed prior to service.

(1). Case No. 3:06-cv-00751-VMC-MMH, Middle District of Florida, Jacksonville Division Dated 8-23-06.

(2). Case No. 3:06-cv-00206-HLA-TEM Middle District of Florida, Jacksonville Division Dated 3-16-06

(3). Case No. 3:12-cv-1058-J-99 MMH-JBT Middle District of Florida, Jacksonville Division Dated 9-26-12

(4). Case No. 3:09-cv-01143-HLA-MCR Middle District

(4A).

IV. Previous Law Suits Continues

Of Florida Jacksonville Division Dated 3-13-09

(5). Case No. 3:13-cv-868-J-99MMH-TEM middle District of Florida Jacksonville Division Dated(Pending).

(6). Case No. 2013-CA-1178 Santa Rosa County Circuit Court, Milton Florida Dated(Pending)

(7). Case No. 2013-SC-369 Santa Rosa County Circuit Court, Milton Florida Dated(Pending)

(8). Case No. 2014-CA-527 Santa Rosa County Circuit Court, Milton Florida Dated(Pending)

(4B).

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(1). On June 14, 2012 Plaintiff was housed in Q-dorm (Mental Health Inpatient Dorm, In the Transitional Care Unit At Santa Rosa C.I. Annex), Plaintiff was asked by Officer Defendant Franco if he'd like to attend and participate in group therapy? Which Plaintiff agreed to participate in. At or around (12:30 p.m. And 1:30 p.m.) Plaintiff was given a pair of pants with a large hole in the crotch of the pants, in which Plaintiff brought this matter to the Defendant Francos Attention, which Defendant Franco told the Plaintiff" Don't worry about it just put them on, there the only ones we got that will fit you". Plaintiff put the pants on, given a shirt And put it on as well, there was no boxers t-shirt or socks issued. Plaintiff was put in full restraints (handcuffs, Black Box, waist chain And legirons) then escorted to Quad 2 to attend and participate in group therapy.

(2). As group proceeded Defendant Franco was stationed directly behind Plaintiff outside the group room and only sat down once before group started to fill out some papers then came back to stand directly behind the Plaintiff.

(2). Plaintiff's Assigned Psychologist Specialist Counsellor was Ms. Saul who was the group leader. Ms. Saul past out some drawings to the group, for everyone to figure out what the

5

drawings were, the Plaintiff figured out the drawing and Ms. Saul stood next to Plaintiff looking at said drawing and then provided Plaintiff with another drawing, then Ms. Saul returned to her seat, sat for a moment then got up and went out of the group room, where she told Defendant Franco something and Defendant Franco called Plaintiff out of the group room, where Defendant Franco told Plaintiff what Ms. Saul had said" That Plaintiff had his penis in his hand".

(4). Plaintiff was escorted from Quad 2 and immediately re-assigned to Quad 3 Disciplinary Quad cell# 3109 without the opportunity to pack his personal property which was on Quad 1 cell# 1205.

(5). The cell Plaintiff was re-assigned to was filthy, food under the bunk, mattress soaked in urine, which Plaintiff brought these matters to Sergeant Defendant Godfrei's attention and Defendant Franco, when they came on the Quad to make rounds.

(6). Plaintiff was advised by Defendant Godfree and Franco "We Know thats why you are here." Plaintiff was without a mattress for a total of four (4) days and nights forced to sleep on cold steel.

(7). In furtherance Defendant Godfree and Defendant Franco gave most of Plaintiff's personal property away and legal documents trashed and or destroyed it.

(8). Plaintiff was written two Disciplinary Reports for Disorderly Conduct and Lewd and Lascivious acts.

(9). On June 18, 2012 Defendants Stewart and Franco came to Plaintiff's cell door# 3109 and advised him that Medical wanted to see him, Plaintiff got dressed and submitted to handcuffs behind the back and pulled from cell, once out of cell Plaintiff

6

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

(1). The Actions Of Defendants Franco and Stewart applying physical force against Plaintiff without need or provocation while in full restraints (Handcuffs black box waist chain And leg irons) while in Inpatient Mental Health T.C.U. Transitional Care Unit was done in Bad Faith maliciously and sadistically constituted Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution and Constituted Tort of assault and battery under Florida Law and Color of State Law.

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

Wherefore, Plaintiff requests that the Court grant the following relief:

(1). Award Plaintiff Nominal damages in the Amount of $1.00 against each Defendant for violating Plaintiffs Rights.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

12/16/14

(Date)

(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 16th day of December, 20 14 .

(Signature of Plaintiff)

Revised 03/07

7

# V  Statement Of Facts Continues

was placed in full restraints (black box over handcuffs waist chain and leg irons),

(10). After Plaintiff was placed in aforesaid full restraints Defendants Stewart grabbed Plaintiff left arm and Franco grabbed his right arm, as the Plaintiff was being escorted off the Quad Defendant Rogers appeared and proceeded to walk infront of them,

(11). When Plaintiff and escorting Defendants got between Quads (2) and (4) Defendants Franco and Stewart forcefully lifted the Plaintiff off of his feet, slamming him to the floor and begin to beat him by punching and elbowing him about the upper torso and face, inwhich both Defendants Franco and Stewart were aware that Plaintiff was still healing from broken ribs but instead injuried Plaintiffs lower Back as Defendant Rogers observed this beating.

(12). When Defendants Franco and Stewart finished their assault on Plaintiff, they stood up and Defendant Rogers held Plaintiff on the floor as Sergeant Godfree came and said to someone "get the audio camera and told Plaintiff don't move" as Defendant Franco told Defendant Sergeant Godfree that Plaintiff had bitten his hand, which Defendant Godfree told him to get a Special Management spit shield, which was given to Defendant Rogers who placed it on the Plaintiff's head without the approval of medical the warden or Colonel, inwhich each Defendant knew that Plaintiff had chronic Asthma.

(13). Defendant Godfree had the handheld Audio video camera placed on the Plaintiff as he stated "This is a spontaneous use of force on inmate Merritt who has been discharged from T.C.U.) Transitional Care Unit to the Close Management Unit, who attempted to assault staff and force became necessary by escorting officers Franco and Stewart.

(5A)-(6A)

V. Statement OF Facts Continues

(14). Plaintiff was lifted off of the floor by Defendants Stewart And Rogers And escorted outside the building, while on audio video camera. Once outside Plaintiff observed Dr. Miller and Psych-Spec. Ms. Saul Approach Defendant Franco who was Already outside and they began to talk and Plaintiff heard Defendant Franco State "We got his ass out of here".

(15). Plaintiff was escorted to the Main Unit Close Management to Fox-Dormitory, where he was seen by Nurse Von for a Post Use of force Asserment, which Plaintiff explained his injury to his lower back, in which Nurse Von made a note of and gave the Plaintiff some IBuprofen and Analgesic Balm.

(16). Plaintiff was then escorted to wing 2 of Fox-Dorm and placed in cell # 2121.

(17). Plaintiff was seen by Psychiatrist Dr. Iserman, J. C. and Senior Nurse M. Donahoo and was informed that Senior Psychologist Dr. Miller had told him that Plaintiff had been displaying some bizarre behavior.

(18). Senior Psychologist Dr. Miller and Psych-Spec. Ms. Saul have used many tactics And methods to have inmates discharged from (C.S.U.) Crisis Stabilization Unit And (T.C.U.) Transitional Care Unit And sent to the main Unit Close Management Dorms to be physically and mentally abused by their security guons.

(19). On June 21, 2012 a Disciplinary Hearing was held And Plaintiff was found guilty of both charges, Plaintiff appealed both these charges And was denied at the Institutional and Central Office level.

(20). Plaintiff has been receiving threats from officers herein Defendants through other inmates that have been discharged from (C.S.U.) and (T.C.U.) and have been threatened by other officers who are named Defendants in other cases pending in the courts and Plaintiff believes that these threats will And have been carried out.

(5B) - (6B)

## V. Statement of Facts Continues

Plaintiff has on several different occasions been subjected to cruel and unusual punishment with excessive uses of chemical agents and loss of personal property, placed on 72 hour strip search with nothing but a pair of boxer shorts to wear. Due to the History of tactics and of the "Good Old Boys, Buddy System" that is utilized in this Northern Region to bring on reprisal and retaliation for being labled as a Grievance filer, Writ Writer and court complaint Suit filer. Plaintiff has brought these matters to the Warden's attention on many occasions and no actions has or were taken to curb or cease the illegal actions of reprisal and retaliation.

(21). Since the incident took place Plaintiff has suffered continously with Lower Back Pain sitting or standing and has been to sick-call numerous times and has also brought this matter to the (A.R.N.P.) at his chronic clinic and still no X-rays or M.R.I. scans have been taken to make a proper diagnosis to the cause of pain, Plaintiff has also brought this matter to the attentions of the Wardens and F.D.O.C, Secretary through the Grievance procedure with no results.

(22). Although Plaintiff has been transferred he still feels he would and will continue to be a target if returned to Santa Rosa C.I. and will suffer irreparable injury of Defendants and other officers due to the Warden and F.D.O.C. Secretary failure to protect the Plaintiff from Imminent Danger of ongoing unnecessary uses of force by physical assaults and spraying of chemical Agents and housed in a cell striped with nothing to wear but a pair of boxer shorts for 72 hours and beyond in freezing cell temperatures.

(23). Plaintiff further states that the Wardens and F.D.O.C. Secretary are the last reviewers of all complaints filed in which they took no actions of the ongoing cruel and unusual punishments that is

(59)-(64)

# V. Statement OF Facts Continues

being administered maliciously and sadistically by acts of security staff inwhich they had knowledge of by the serious harm being administered by these officers history And who are under their supervision.

### Plaintiff's Physical And Emotional Injuries Are Serious And More than Deminimis

(24). It's Apparent that Plaintiff's injury was and is serious from day one. It's also Apparent that Plaintiff suffered mentally emotionally As well As Physically due to prison officials delibrate intentional delays to get a Second opinion or have X-rays Andor M.R.I Scans taken to make a proper diagnosis of Plaintiff's Lower Back Pain Injury that has only worsened since the incident took place. The Department of Corrections is required to provide Plaintiff with adequate medical care and cannot say that the Plaintiff injury isn't serious beacuse Plaintiff has been to sick-call numerous times in complaint to the pain he is suffering and has begged and cried for help And was denied and ignored. Plaintiff's injury is not minor and is serious.

### Exhaustion OF Administrative Remedies

(25). Due to the incidents described herein, Plaintiff had certain Administrative remedies Are Available to him, which he exhausted, utilizing the inmate grievance procedure.

(26). Further Defendants Godfree, Francis, Stewart And Rogers all jointly and with full knowledge of the unconstitutional nature of their actions, Agreed to and did use physical force cruel And unusual punishment excessively, maliciously and sadistically

(5D)-(6D)

I. Statement Of Facts Continues

for the very purpose of causing harm mentally and physically to the Plaintiff not in good faith effort to restore order or maintain discipline or for any other legitimate psychological reason.

(27). Because of their joint participation each Defendant is jointly and severally liable to the Plaintiff.

(28). This incident was caught on a fixed quad camera either on quad 3 or 4 in the Mental Health Q-Dormitory and it clearly shows a pattern of this act on other occasions.

(5 E) - (6 E)

VI. Statement Of Claims Continues

(2). The Actions of Defendants Francs and Stewart for using unnecessary excessive physical force to the Plaintiff in an known Blind spot was done maliciously and sadistically constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and constituted Tort of Assault and battery under Florida Law and color of State Law.

(3). The Actions and inactions of Defendant Rogers who failed to intervene and prevent the misuse of excessive force in Bad Faith, maliciously and sadistically constituted deliberate indifference and contributed to and proximately caused the above described violation of the Eighth and Fourteenth Amendment to the United States Constitution.

(4). The Actions of Defendant Godfree for having Plaintiff placed on an "Special Management Spit Shield", without the proper Authorization an or Approval of Medical or Warden knowingly that the Plaintiff is asthmatic constituted deliberate indifference to Plaintiffs serious medical condition in violation of the Fourteenth Amendment to the United States Constitution.

(5). The Actions of Defendants Godfree and Rogers who knowingly and agreed to put a "Special Management Spit Shield on the Plaintiff was done maliciously and sadistically constituted cruel and unusual punishment and delibrate indifference to the Plaintiffs serious medical condition in violation of the Eighth and Fourteenth Amendment to the United States Constitution.

(7A)

VI. Statement Of Claims Continues

(6). Plaintiff has no plain Adequate or complete remedy At law to redress the wrongs described herein. Plaintiff has been and will continue to be in Imminent Danger of irreparable injury if he returns to Santa Rosa C.I. by the conduct of the Defendants herein unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

(7). Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1334(a)(3) and 1343(a)(4) in that this is A civil action seeking to redress the deprivation, under color of State law, of rights secured to the Plaintiff by the Eighth and Fourteenth Amendments to the Constitution of the United States.

(8). Plaintiffs claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes Actions to redress the deprivation, under color of State law, of rights privileges And immunities secured to the Plaintiff by the Constitution, and by 42 U.S.C. § 1988 which authorizes the award of Attorney fees And costs to prevailing Plaintiff in actions brought pursuant to 42 U.S.C. § 1983.

(7 B)

VII. Relief Requested Continues

(2). Award Plaintiff compensatory damages in the following Amounts:

(A). $100,000, jointly and severally Against Defendants Franco and Stewart for their unjustified beating which resulted in the physical injury to Plaintiff's Lower Back and Mental Anguish sustained by Plaintiff from the beating.

(B). $50,000, jointly And severally against Defendants Godfree and Rogers for the Mental and emotional injury of placing the Plaintiff on a "Special Management Spit Shield" with proper Authorization of protocol and procedures already established by the Department of Corrections.

(C) $25,000 Against Defendant Rogers Alone for his failure to intervene in the beating of the Plaintiff.

(3). Award Punitive damages in the following Amounts:

(A). $20,000 each Against Defendants Franco And Stewart.

(B). $15,000 each against Defendants Godfree and Rogers.

(C). $10,000 Against Defendant Rogers.

(4). Grant Plaintiff declaration that the acts And omissions described herein violated his rights under the Constitution And Laws of the United States.

(5). Issue an injunction ordering Fla. Department of Corrections to:

(7A).

## VII. Relief Requested Continues

(A). Immediately arrange for the Plaintiff's Lower Back to be X-rayed or MRI scanned and to be examined by a qualified physician to make a proper diagnosis and arrange for care and treatment of physical therapy and follow up treatment to restoration and full function of Lower Back ailment and pain.

(B). To be carried out without delay of the treatment directed by such medical physician.

(C). That Plaintiff be Special Reviewed with the Defendants herein that Plaintiff is not returned to Santa Rosa C.I..
Release Plaintiff from punitive segregation back to open population and out of Region(4). Expunge the disciplinary convictions described herein from the Plaintiff's institutional records.

(6). Recovery from Defendants of reasonable attorney fees and costs of Plaintiff's incarceration shall be considered paid to the Defendants for his incarceration, based on the injuries he suffered herein the foregoing.

(7). Attorney fees and costs, Pursuant to 42 U.S.C. § 1988.

(8). Grant any additional relief this honorable court deems just proper and equitable.

(9). Plaintiff Further states that if this honorable court doesn't grant injunction relief the Plaintiff's safety, health and life will be and continue to be in Imminent Danger of serious injury, which Plaintiff believes he will suffer irreparable and

# VII. Relief Requested Continues

Permanant injuries by the Defendants their co-workers
family and friends sometime in the future it returned.

## Demand For Jury Trial

Pursuant to Rule 38(b), Federal Rules Of Civil Procedure
the Plaintiff demands A trial by jury On all issues so
triable.

(70)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
_Pensacola_ **DIVISION**

CASE NO: 3:13 cv 607-LC/EMT

## CERTIFICATE OF SERVICE

I, Larry B. Merritt, do hereby CERTIFY that a true and correct copy of
the foregoing has been furnished by _U.S. Mail_ (manner of
service; _i.e._, U.S. Mail, electronic mail, etc.) on this _____ day of _December_,
20 14, to:

United States District Court
Northern District OF Florida
One North Palafox Street
Pensacola Florida 32502

12/16/14

(Date)

Signature

FLORIDA STATE PRISON

DEC 1 6 2014

FOR MAILING
INMATES INITIALS

LARRY MERRITT DC# 602400
Florida State Prison
7819 N.W. 228th Street
Raiford, Florida 32026
13-12005

United States District Court
Northern District of Florida
One North Palafox Street
Pensacola, Florida 32502



Correctional Institution

**LEGAL MAIL ONLY**