UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LARRY B. MERRITT,**

    Plaintiff,

v.        Case No.: 3:13cv607/LAC/EMT

**SERGEANT GODFREY,** *et al.***,**

    Defendants.

_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND DEMAND FOR A JURY TRIAL**

Defendants **Franco**, **Rogers**, and **Stewart**[1], through undersigned counsel, submit this Answer, Affirmative Defenses, and Demand for a Jury Trial in response to Plaintiff's Third Amended Civil Rights Complaint [Doc. 33], and state as follows:

**ANSWER**

**I.    Plaintiff**

Admitted that Mr. Merritt is the Plaintiff. As of September 16, 2015, Plaintiff is housed at Union Correctional Institution.

**II.    Defendants**

Admitted that these are/were the defendants sued. However, see footnote one.

**III.    Exhaustion of Administrative Remedies**

---

[1] Per a conversation the undersigned had with Mr. Dustin Stewart, the "Stewart" who was served with process [See Doc. 63], he claims he left the employ of the Department in 2011 and thus could not have been involved in the use of force at issue. This is supported by the use of force report which states the "Stewart" involved was Yusef L. Stewart. Accordingly, the served Defendant Stewart denies all allegations in the operative complaint.

1

No response required.

**IV.    Previous Lawsuits**

Without knowledge.

**V.     Statement of Facts**

1.      Admitted that Plaintiff was housed in Q-Dorm on June 14, 2012.  Remainder of paragraph without knowledge.

2.      Without knowledge.

3.      Admitted that Plaintiff was written a disciplinary report on June 14, 2012 for Lewd and Lascivious Exhibition where the DR states in part, "He was observed by Ms. Saul during a mental health group session sitting across from her holding his exposed penis in his hand." Without knowledge as to remainder of paragraph.

4.      Admitted that Plaintiff was reassigned to cell Q3109S on June 14, 2012.  Without knowledge as to remainder of paragraph.

5.      Denied or without knowledge.

6.      Denied or without knowledge.

7.      Denied.

8.      Admitted.

9.      Per the use of force report, admitted that Plaintiff was placed in restraints and taken out of his cell to be transported to the medical triage room. Without knowledge as to remainder.

10.     Per the use of force report, admitted that Plaintiff was placed in restraints and taken out of his cell to be transported to the medical triage room.  Without knowledge as to remainder.

11.     Denied as stated.

12.     Admitted that a camera was retrieved, that Plaintiff was kept on the floor, and that a spit shield was retrieved and placed on Plaintiff's head.  Remainder of paragraph denied.

13. Admitted that a camera was brought and recording commenced. As to what was allegedly stated by Sgt. Godfrey in quotations, denied.

14. Admitted that Plaintiff was lifted and escorted outside. Remainder denied or without knowledge.

15. Admitted that Plaintiff was taken to medical and examined by Nurse Von Oven. Admitted that Plaintiff complained of lower back pain. Without knowledge as to whether Plaintiff was provided ibuprofen or analgesic balm.

16. Admitted that on June 18, 2012, Plaintiff was moved to cell F2121S.

17. Without knowledge.

18. Without knowledge.

19. Admitted.

20. Denied.

21. Denied or without knowledge.

22. Denied or without knowledge.

23. Denied.

24. Denied.

25. Without knowledge.

26. Denied.

27. Denied.

28. Denied.

**VI.  Statement of Claims**

1. Denied.

2. Denied.

3. Denied.

3

4.  N/A, see docket entry 70.

5.  N/A, see docket entry 70.

6.  N/A, see docket entry 70.

7.  Admitted solely for jurisdictional purposes.

8.  Admitted solely for jurisdictional purposes.

**VII.  Relief Requested**

Deny that Plaintiff is entitled to relief of any kind.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.  Plaintiff did not suffer more than *de minimis* injury as a result of any action or inaction by Defendants and is therefore not entitled to compensatory or punitive damages under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

2.  Any claim not fully exhausted prior to filing this case must be dismissed for failure to exhaust administrative remedies.

3.  Defendants acted reasonably within the discretion of their position and in the course and scope of their employment.  They did not violate any clearly established statutory or constitutional right of Plaintiff's which reasonable persons would have known and are therefore entitled to qualified immunity from suit.

4.  Plaintiff's actions alone were the causative factor of his injuries.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

**PAMELA JO BONDI**
ATTORNEY GENERAL

/s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General
Florida Bar No.: 0026626
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Lance.Neff@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to: Larry Merritt, DC# 602100, Union Correctional Institution, 7819 N.W. 228th Street, Raiford, Florida 32026-4000, on this 16th day of September, 2015.

/s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General