IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY B. MERRITT,
Plaintiff,

vs. Case No.: 3:13cv607/LAC/EMT

STEWART, et al.,
Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff Larry B. Merritt ("Merritt"), an inmate of the Florida Department of Corrections ("FDOC"), proceeds pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983. Presently before the court is Defendants' Motion for Partial Summary Judgment, with an incorporated Statement of Genuine and Material Facts and Memorandum of Law, and supporting materials (ECF No. 74). The court directed Merritt to file a response to the motion for partial summary judgment on or before January 14, 2016 (*see* ECF No. 75), but as of the date of this Report, Merritt has not responded.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion

of the undersigned that Defendants' motion for partial summary judgment should be granted.

I. BACKGROUND AND INTRODUCTION

At all times relevant to this action, Merritt was incarcerated at Santa Rosa Correctional Institution, an institution of the FDOC (*see* ECF No. 33 (the Third Amended Complaint and operative pleading)). Merritt claims that Defendants Franco and Stewart used excessive force against him, and that Defendant Rogers failed to intervene in the use of force, in violation of the Eighth Amendment. Merritt also brings state tort claims against Defendants. Merritt seeks nominal, compensatory, and punitive damages.[1]

Defendants filed a motion for partial summary judgment, contending the undisputed facts demonstrate that Merritt cannot recover compensatory or punitive damages, pursuant to 42 U.S.C. § 1997e(e), because he cannot demonstrate he suffered more than de minimis physical injury as a result of the use of force (ECF No. 74 at 2–7).[2] Defendants also argue that Dustin Stewart should be dismissed from this

---

[1] The court previously dismissed Merritt's Eighth Amendment claim against Defendant Rogers and former Defendant Godfrey regarding their use of a Special Management Spit Shield (*see* ECF No. 70). The court also previously dismissed Merritt's requests for declaratory and injunctive relief (*see id.*).

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

case, because the evidence demonstrates that he is not the Officer Stewart who was involved in the use of force; instead, Officer Yusef L. Stewart was the officer involved (*id.* at 7–8). As previously mentioned, Merritt did not file a response to Defendants' motion.

## II. SUMMARY JUDGMENT STANDARD

In order to prevail on a motion for summary judgment, the moving party must show that the nonmoving party has no evidence to support his or her case or present affirmative evidence that the nonmoving party will be unable to prove his or her case at trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party successfully negates an essential element of the nonmoving party's case, the burden shifts to the nonmoving party to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*, 477 U.S. at 248. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The nonmoving party must show more than the

existence of a "metaphysical doubt" regarding the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Speculation or conjecture from a party cannot create a genuine issue of material fact. *See* Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004); *see also* Celotex Corp., 477 U.S. at 324. The nonmoving party must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *See* Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) (Rule 56 requires the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, documents, affidavits or declarations, admissions, interrogatory answers or other materials on file designate specific facts showing that there is a genuine issue for trial); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by the nonmoving party in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him or her. *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174

F.3d 1271, 1282 (11th Cir. 1999). Nonetheless, the nonmoving party still bears the burden of coming forward with sufficient evidence of every element that he or she must prove. *See* Celotex Corp., 477 U.S. at 317. A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 322.

## III. DISCUSSION

### A. Material Facts

As this case comes before the court on Defendants' motion for partial summary judgment, the court is required to view the facts in the light most favorable to Merritt, the nonmoving party *See* Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993). The court does so here, referring to Defendants' statement of facts, and taking those facts from the parties' pleadings and summary judgment materials of record. Fed. R. Civ. P. 56(c); N.D. Fla. Loc. R. 56.1. Nevertheless, the court observes that what are stated as "facts" herein for purposes of summary judgment review may not be the actual facts. *See* Montoute v. Carr, 114 F.3d 181, 182 (11th Cir. 1997).

With regard to the factual positions asserted by the parties, the court must apply the standard set forth in Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> . . . .
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (2010). Facts asserted in hearsay statements which are not subject to a hearsay exception, and thus would not be admissible in evidence, are insufficient to show that a fact is genuinely disputed.

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court will consider the fact undisputed for purposes of the motion for summary judgment, or

grant summary judgment if the moving party's motion and supporting materials—including the facts considered undisputed—show that the moving party is entitled to it. *See* Fed. R. Civ. P. 56(e)(2, 3) (2010).

Applying these standards, the court conveys the following as the material facts for purposes of Defendants' motion for partial summary judgment.

On June 18, 2012, while Merritt was housed at Santa Rosa C.I., Defendants Officer Franco and Officer Yusef L. Stewart escorted Merritt from his cell to another area of the prison (ECF No. 33 at 9; ECF No. 74, Ex. C, Declaration of Dustin Stewart; Ex. D, Bureau of State Investigations Case Summary).[3] At the time of the escort Merritt was in full restraints (shackled with leg irons, chained at the waist, and handcuffed behind his back with a "black box" over the handcuffs) (ECF No. 33 at 9, 11). During the escort, Defendants Franco and Stewart forcefully lifted Merritt off his

[3] Merritt signed his Third Amended Complaint under penalty of perjury (*see* ECF No. 33). Therefore, the factual allegations in the complaint may be used as an opposing affidavit. *See* Perry v. Thompson, 786 F.2d 1093, 1095 (11th Cir. 1986); Sammons v. Taylor, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) ("[F]acts alleged in an inmate's sworn pleading are sufficient and . . . a separate affidavit is not necessary."); *see also* 28 U.S.C. § 1746 (setting forth requirements for unsworn declarations under penalty of perjury). To function as an opposing affidavit, a complaint must be based on personal knowledge and set forth specific facts admissible in evidence. Fed. R. Civ. P. 56(c); Perry, *supra*. Accordingly, the court considers those portions of Merritt's complaint that meet the personal knowledge and specificity requirements as Merritt's opposition to the motion for summary judgment. *See also* Moulds v. Bullard, 345 F. App'x 387, 391 (11th Cir. 2009) ("[S]pecific facts pled in a sworn complaint must be considered in opposition to summary judgment.") (citing Perry); Shaw v. Cowart, 300 F. App'x 640, 645 (11th Cir. 2008) ("Facts alleged by the plaintiff in a sworn pleading" must be considered in opposition to summary judgment).

feet, slammed him to the floor, and began punching and elbowing him about the upper torso and face, causing injury to Merritt's lower back (*id.* at 11). Defendant Correctional Officer Rogers was walking ahead of them at the time and observed the beating, but he failed to intervene (*id.*). Defendants Stewart and Rogers then lifted Merritt to his feet and escorted him to the Close Management Dormitory, where Merritt was seen by a nurse for a post-use-of-force assessment (ECF No. 33 at 12; ECF No. 74, Ex. E, Emergency Room Record). Merritt told the nurse that he suffered injury to his lower back (ECF No. 33 at 12; ECF No. 74, Ex. E. Emergency Room Record). The nurse noted no abrasions, bruising, swelling, or deformity (ECF No. 74, Ex. E. Emergency Room Record). The nurse provided Merritt with ibuprofen and analgesic balm (ECF No. 33 at 12). Merritt alleges he has "suffered continuously with lower back pain" while sitting or standing, that his back injury is "serious," and that the"lower back pain injury" has worsened since the injury occurred (*id.* at 13–14, 19). He states he sought diagnosis and treatment of his lower back injury from institutional medical staff, and "has begged and cried for help," but his requests have been denied and ignored (*id.* at 14). Merritt also states he has "suffered mentally and emotionally" from the use of force (*id.* at 14, 18).

B. Dustin Stewart

Defendants seek dismissal of Dustin Stewart from this lawsuit, on the ground that he was incorrectly identified as the "Officer Stewart" who was involved in the use of force on against Merritt on June 18, 2012 (*see* ECF No. 74 at 7–8). Defendants submitted Dustin Stewart's declaration stating he did not work for the FDOC in June of 2012 (ECF No. 74, Ex. C, Stewart Decl. ¶¶ 2–4). Further, the FDOC's reports associated with the use of force state that the Officer Stewart involved was Yusef L. Stewart, not Dustin Stewart (ECF No. 74, Ex. D, Bureau of State Investigations Case Summary). Additionally, Merritt described Officer Stewart as a black male in his deposition (*see* ECF No. 74, Ex. B, Deposition of Larry B. Merritt 29:22–24, Oct. 7, 2015), but Dustin Stewart is a white male (ECF No. 74, Ex. C, Stewart Decl. ¶ 3).

The record demonstrates that Merritt sued the correct party, namely, Officer Stewart (*see* ECF No. 33). Tammy Coursey, the FDOC's process server at Santa Rosa C.I., misidentified Defendant Stewart as Dustin Stewart, instead of Yusef L. Stewart (*see* ECF No. 50), and Dustin Stewart was subsequently served (*see* ECF No. 63). It is clear that service upon Dustin Stewart was improper. Defendants' motion will be treated as including a request to quash service upon Dustin Stewart, and will be granted.[4]

---

[4] Because Merritt is proceeding in forma pauperis, the court is responsible for service of process. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). In fulfilling its responsibility, the court will enlist the assistance of Defendants' counsel to effect service upon Defendant Yusef L. Stewart.

C. Limitation on Recovery

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). A "prisoner," even though he has alleged a viable constitutional claim, is prevented from seeking punitive or compensatory damages in the absence of physical injury pursuant to § 1997e(e) while in "custody." Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011). "[T]o avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002).

The leading case on this issue from the Eleventh Circuit, Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *vacated in part and reinstated in part*, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc), held that in order to satisfy § 1997e(e), a prisoner must allege a physical injury that is more than de minimis, but need not allege that it is significant. In so doing, the court intended to "fuse" the physical injury analysis under § 1997e(e) with the framework set out by the Supreme Court in

Hudson v. McMillian, 503 U.S. 1, 9–10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment. Harris, 190 F.3d at 1286. The Harris court was careful to state that its holding did not affect its Eighth Amendment jurisprudence but only used the Eighth Amendment standards to guide its analysis under § 1997e(e). In a footnote to its opinion, the court did leave open the question as to whether a de minimis use of physical force might satisfy section 1997e(e) if it were found "repugnant to the conscience of mankind." Harris, 190 F.3d at 1287 n.7 (quoting Hudson, 503 U.S. at 10, 112 S. Ct. at 1000).

As it concerns the framework for resolving excessive force claims under the Eighth Amendment, Hudson set out the following:

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See* [Whitley v. Albers, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)]. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. *See* Estelle [v. Gamble, 429 U.S. 97, 102, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976)] (proscribing torture and barbarous punishment was 'the primary concern of the drafters' of the Eighth Amendment); Wilkerson v. Utah, 99 U.S. 130, 136, 25 L. Ed. 345 (1879) ("[I]t is safe to affirm that punishments of torture . . . and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See* Johnson v. Glick, 481 F.2d [1028,] 1033 [2d Cir. 1973] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" Whitley, 475 U.S. at 327, 106 S. Ct. at 1088 (quoting Estelle, *supra*, 429 U.S. at 106, 97 S. Ct. at 292) (internal quotation marks omitted).

Hudson, 503 U.S. at 9–10. More recently, the Supreme Court reiterated the holding of Hudson, rejecting once again "the notion that 'significant injury' is a threshold requirement for stating an excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (explaining that the "core judicial inquiry" is "that nature of the force" used by prison officers as opposed to the extent of the injury inflicted). The Court noted that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 559 U.S. at 38. Notwithstanding, a prisoner's "relatively modest . . . alleged injuries will no doubt limit the damages he may recover." Wilkins, 559 U.S. at 40.

One pivotal point should be noted, however. Neither Hudson nor Wilkins mention the physical injury requirement of § 1997e(e). Thus, while those two opinions remain binding precedent for resolving Eighth Amendment excessive force

claims, this court's primary source for resolving the § 1997e(e) issue remains the Eleventh Circuit's Harris decision. While Harris does mention fusing its 1997e(e) analysis with the framework of Hudson, the fact nevertheless remains that the emphasis in Harris was on the threshold amount of *injury* required under § 1997e(e)—greater than de minimis—not on the amount of *force*.

In fact, Harris went on to hold that the use of force presently before it, namely that the inmate was forced to "dry shave," resulted in a de minimis physical injury and therefore did not meet the threshold requirement under § 1997e(e).[5] Harris, 190 F.3d at 1287. Subsequent cases finding only de minimis physical injury on their facts have similarly followed Harris and found that the § 1997e(e) requirement was not satisfied. *See* Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (plaintiff alleged vague injuries to his back, scrapes and marks on his legs, and a lapse of time in reordering his medication)[6]; Quinlan v. Personal Trans. Servs. Co., 329 F. App'x 246, 248–49 (11th Cir. 2009) (asthmatic plaintiff alleged temporary chest pain, headache, difficulty

[5] The plaintiff (among several) who was the subject of the § 1997e(e) inquiry in Harris also alleged that defendants performed a body cavity search upon him while members of the opposite sex were present, but the court stated that only the "dry shave" incident was before the court for purposes its § 1997e(e) inquiry. Harris, 190 F.3d at 1286–87.

[6] The undersigned cites Mann and other unpublished cases herein only as persuasive authority and recognizes that such opinions are not considered binding precedent. *See* U.S. Ct. of App. 11th Cir. Rule 36-2. The undersigned does the same with respect to opinions of circuit courts of appeals other than the Eleventh Circuit, *see* United States v. Rosenthal, 763 F.2d 1291, 1294 n.4 (11th Cir. 1985), and any district court opinions cited herein.

breathing and periodic back pain after being transported in prison van); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007) (plaintiff, after being forced to sleep in "strip cell" on a concrete platform, claimed—but could not evidence—an aggravation of his preexisting injuries and exposure to Hepatitis-C from his cellmate, and further alleged bruises and welts from shackles); Borroto v. McDonald, No. 5:04cv165/RH/WCS, 2006 WL 2789152, at *5 (N.D. Fla. Sept. 26, 2006) (defendants allegedly punched plaintiff repeatedly in his abdomen and on the back of his head, hit him on his left ear, and picked him up off the ground and dropped him on his head, which only resulted in bruising and minimal edema of the lower left ear lobe and a red line approximately one centimeter long behind the left ear on the scalp).[7]

The Eleventh Circuit's recent decision in Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), bears particular mention. The inmate in that case alleged that, while hospitalized, he was placed in maximum-security restraints, and though he was given medicine that gave him loose stools, the guard refused to lower his waist-chains such that the inmate was forced to defecate into his jumpsuit and lie in his own excrement for two days. Brooks, 800 F.3d at 1298. Although this case was cast under the Eighth

[7] Courts in other circuits have also determined that Eighth Amendment claims should similarly be subject to de minimis injury inquiry. *See, e.g.*, Mitchell v. Horn, 318 F.3d 523, 535–36 (3rd Cir. 2003) (citing Harris with approval and noting that its decision is in line with decisions of the Ninth, Eleventh, and Fifth Circuit Courts of Appeal) (other citations omitted).

Amendment as one of deliberate indifference to medical needs rather than one of excessive force, the court nonetheless spoke in recognition of the degrading and humiliating nature of the defendants' alleged actions—adding that the guards in question laughed at the inmate and taunted him while he suffered. *Id.* Despite the degrading nature of the alleged harm, which seems on a par with the "repugnant to the conscience of mankind" standard evoked in Hudson and Wilkins for excessive force cases, and suggested in Harris as the source of a possible exception to the de minimis injury rule of § 1997e(e), the court in Brooks nevertheless held that the inmate's alleged physical injuries were de minimis and applied § 1997e(e) to bar the inmate's claims for compensatory and punitive damages. Brooks, 800 F.3d at 1303. The court noted that the inmate's constitutional claim for nominal damages, however, was not barred. *Id*.

In this case, Defendants previously filed a motion to dismiss, contending Merritt's request for compensatory and punitive damages was barred by 42 U.S.C. § 1997e(e), because he failed to allege he suffered more than de minimis physical injury as a result of the alleged use of force (*see* ECF No. 56 at 2–5). Defendants argued that Merritt's "subjective" allegations of "after-the-fact back pain" were insufficient to satisfy the physical injury requirement of § 1997e(e) (*id.*). The court concluded that Merritt's allegations were sufficient to raise a reasonable inference that

Defendants' conduct and/or Merritt's injury were more than de minimis, which was all that was required at the Rule 12(b)(6) stage, and that further factual development was needed on the issue.

Defendants have now raised the issue again, contending that there is no genuine issue of material fact on the issue of whether Merritt may recover compensatory or punitive damages, and Defendants are entitled to judgment as a matter of law, because Merritt still cannot demonstrate that his alleged subjective lower back pain was more than a de minimis physical injury (ECF No. 74 at 2–7). Defendants have not argued that they are entitled to summary judgment on the merits of Merritt's Eighth Amendment claims, and thus do not appear to dispute that a reasonable jury could find, viewing the facts in the light most favorable to Merritt, that (1) Defendants Franco and Stewart's use of force (i.e., slamming Merritt to the floor, and punching and elbowing him about the upper torso and face for no reason, and while Merritt was shackled with leg irons, chained at the waist, and handcuffed behind his back with a "black box" over the handcuffs) was unjustified, excessive, and malicious, and (2) Defendant Rogers failed to take reasonable steps to stop the unprovoked attack, even though he was in a position to do so. This conduct could rise to the level of "repugnant to the conscience of mankind" and may also be viewed as not taken in a good-faith effort to maintain or restore discipline. *See* Hudson, 503 U.S. at 7 ("the

core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

However, now, with the opportunity for factual development, there is insufficient evidence from which a jury could reasonably conclude that Merritt suffered more than a de minimis physical injury as a result of Defendants' conduct. The only evidentiary support for Merritt's allegations of physical injury is his statement in his deposition his "lower back was injured and is still injured" (ECF No. 74, Ex. B, Merritt Dep. 28:20–25, Oct. 7, 2015; *see also id.*, 29:18–21), and his allegation that he was initially treated with ibuprofen and analgesic balm. Merritt's medical records indicate that medical staff noted no abrasions, bruising, swelling, or deformity following the use of force (ECF No. 74, Ex. E. Emergency Room Record). The undersigned concludes this is insufficient evidence from which a jury could reasonably conclude that Merritt suffered more than a de minimis physical injury as a result of Defendants' conduct, and accordingly his claims for compensatory or punitive damages are barred by § 1997e(e). Merritt's claim for nominal damages (usually, one dollar), however, is not barred. *See* Brooks, 800 F.3d at 1307–09.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Defendants' Motion for Partial Summary Judgment (ECF No. 74) be **GRANTED** as follows:

a. That Defendant Dustin Stewart be **DISMISSED** from this lawsuit and that service of process upon him be **QUASHED**;

b. That Plaintiff Merritt's claims for compensatory and punitive damages for mental or emotional injury be **DISMISSED**;

2. That the clerk of court be directed to modify the docket to reflect that Defendant Officer Stewart is more particularly identified as Yusef L. Stewart; and

3. That the court set a deadline for Defendants' counsel to either: (1) enter an appearance on behalf of Defendant Yusef L. Stewart and waive service of process, (2) inform the court under seal of the last known address of Defendant Yusef L. Stewart, or (3) advise the court that neither alternative is possible.

At Pensacola, Florida, this 26th day of February 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and**

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**